**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-6840**

JAMIE L. BROWN,

        Petitioner – Appellant,

    v.

TROY MEINK, Secretary of the Air Force; THOMAS SHUBERT, President, Air Force Clemency and Parole Board,

        Respondents – Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah L. Boardman, District Judge.  (1:22-cv-00410-DLB)

Submitted:  June 9, 2026                    Decided:  July 16, 2026

Before WILKINSON, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Robert Feldmeier, THE LAW OFFICES OF ROBERT FELDMEIER, Raleigh, North Carolina, for Appellant.  Erek L. Barron, United States Attorney, Molissa H. Farber, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Jamie Brown appeals the district court's dismissal of his habeas petition challenging the validity of his court-martial convictions. *See Brown v. Kendall*, No. 1:22-cv-00410-DLB, 2023 WL 2648781 (D. Md. Mar. 27, 2023). We affirm.

A general court-martial convicted Brown of one specification of sexual assault and one specification of attempted sexual assault, in violation of Uniform Code of Military Justice (UCMJ) articles 80 and 120, 10 U.S.C. §§ 880(a), 920(b). Brown was sentenced to 34 months' confinement, reduced to the grade of E-4, and dishonorably discharged from the Air Force. In an unpublished but lengthy opinion, the Air Force Court of Criminal Appeals (AFCCA) affirmed Brown's convictions. *United States v. Brown*, No. ACM 39728, 2021 WL 3626397 (A.F. Ct. Crim. App. Aug. 16, 2021). The court denied Brown's petition for reconsideration. Brown then petitioned the Court of Appeals for the Armed Forces (CAAF) for review, which that court summarily denied. *United States v. Brown*, 82 M.J. 184 (C.A.A.F. 2022). It also denied Brown's petition for reconsideration. *United States v. Brown*, 82 M.J. 222 (C.A.A.F. 2022).

Brown then petitioned for a writ of habeas corpus in federal district court, challenging his court-martial convictions on three grounds. First, he argued that the military judge erred in "permitting the panel to return findings by less than a unanimous verdict." *Brown*, 2023 WL 2648781, at *4.[1] He contended this error was jurisdictional.

---

[1] "Within the military justice system, an accused has a right to trial before a panel of military members." *United States v. St. Blanc*, 70 M.J. 424, 427 (C.A.A.F. 2012). "As a unit, the members operate in a manner roughly similar to a jury in a civilian proceeding."

2

*Id.* at *5. Second, he argued that the military judge erred in "instructing the panel as to uncharged theories of criminal liability." *Id.* at *4. And third, he argued that the military judge erred by "excluding potentially exculpatory evidence and refusing to permit Brown to cross examine a witness based on that evidence." *Id.*

The district court dismissed Brown's petition. First, the court ruled that, contrary to Brown's assertions, his panel-unanimity argument did not implicate the court-martial's jurisdiction. *Id.* at *5. And because the military courts fully and fairly considered Brown's argument, the district court held that it could not review that claim on the merits. *Id.* at *4–5. The district court then reached the same conclusion for Brown's two other challenges: because the military courts fully and fairly considered Brown's arguments, federal-court review on the merits was unavailable. *Id.* at *5–7. Brown appealed, and we have jurisdiction under 28 U.S.C. § 1291.

We review the district court's dismissal of Brown's habeas petition de novo. *Dorrbecker v. Howard*, 173 F.4th 142, 146 n.3 (4th Cir. 2026). As we recently explained, "though federal courts have 'jurisdiction over applications for habeas corpus from persons confined by the military courts,' 'the scope of matters open for review' is 'narrow.'" *Id.* at 146 (quoting *Burns v. Wilson*, 346 U.S. 137, 139 (1953) (plurality opinion)). "We may 'assess de novo' legal challenges to the military courts' jurisdiction." *Id.* at 147 (ellipsis

---

*Santucci v. Commandant, U.S. Disciplinary Barracks*, 66 F.4th 844, 846 n.1 (10th Cir. 2023); *see United States v. New*, 55 M.J. 95, 117 n.2 (C.A.A.F. 2001) (Sullivan, J., concurring in the result) ("[C]ourt-martial members in a functional sense are commonly referred to as a military jury."). We follow the parties' convention here and refer to these court-martial members as a "panel."

omitted) (quoting *Willenbring v. United States*, 559 F.3d 225, 232 (4th Cir. 2009)).  "But when it comes to a petitioner's non-jurisdictional claims, our review is limited to determining whether the military courts have 'dealt fully and fairly with' the claims."  *Id.* (quoting *Burns*, 346 U.S. at 142).  If they have, "then we 'cannot review' them."  *Id.* (quoting *Ward v. United States*, 982 F.3d 906, 912 (4th Cir. 2020)).  Under this standard, Brown cannot prevail.

First, the district court correctly held that Brown's panel-unanimity argument does not implicate the court-martial's jurisdiction.  In *Dorrbecker*, we explained that there are generally "three prerequisites that must be met for courts-martial jurisdiction to vest."  *Id.* (internal quotation marks omitted).  Brown's challenge most plausibly relates to the third prerequisite—that "there must be a properly convened and composed court-martial."  *Id.* at 148 (internal quotation marks omitted); *see Willenbring*, 559 F.3d at 231 ("[A] court-martial proceeding must be convened and constituted in conformity with the applicable statutes, specifically the UCMJ; otherwise the military court lacks jurisdiction.").  But, as the district court concluded, Brown does not actually challenge the process of convening or the composition of the court-martial.  Instead, he claims only that the military courts erred in allowing the panel serving as part of a properly convened and composed court-martial to return non-unanimous findings.  Brown provides no authority for the proposition that this alleged error stripped the court-martial of jurisdiction.  Indeed, as we explained in *Dorrbecker*, errors made in the course of resolving a charge—even if legal or constitutional in nature—are not enough.  *See* 173 F.4th at 149–150; *Burns*, 346 U.S. at 143–146

4

(declining to review petitioners' constitutional due process claims because the military courts fully and fairly reviewed them).

The question thus becomes whether the military courts gave full and fair consideration to Brown's claim that he was entitled to unanimous panel findings. In *Dorrbecker*, we relied on "a straightforward reading" of the Supreme Court's decision in *Burns* to find that the military courts fully and fairly considered the argument presented. 173 F.4th at 150–152. That same straightforward reading counsels the same result here because the record shows that the military courts "'heard [Brown] out on'" his argument that non-unanimous panel findings violated his constitutional rights. *Id.* at 151 (quoting *Burns*, 346 U.S. at 144). The AFCCA "carefully considered" and rejected Brown's argument that "the non-unanimous verdict violated [his] Fifth Amendment and Sixth Amendment rights in light of *Ramos v. Louisiana*." *Brown*, 2021 WL 3626397, at *1 (footnotes omitted). Though the court declined to discuss the issue in depth, it cited a prior CAAF case that observed, based on the Supreme Court's decision in *Ex parte Quirin*, 317 U.S. 1, 39 (1942), that there is no Sixth Amendment right to trial by jury in courts-martial. *Id.* (citing *United States v. Easton*, 71 M.J. 168, 175 (C.A.A.F. 2012)).[2] We reject Brown's

---

[2] Since the district court's decision in this case, the CAAF has held that court-martial convictions premised on non-unanimous panel findings do not violate the Fifth or Sixth Amendments. *See generally United States v. Anderson*, 83 M.J. 291 (C.A.A.F. 2023), *cert. denied*, 144 S. Ct. 1003 (2024); *see id.* at 294–298 (specifically rejecting the argument that the Supreme Court's decision in *Ramos v. Louisiana* changed the long-established rule that the Sixth Amendment does not apply to courts-martial).

contention that the AFCCA's consideration of this issue was not full or fair under *Burns*.[3]

Further, although the CAAF summarily denied Brown's petition for review on this subject, we held in *Dorrbecker* that summary denial of a petition for review does not indicate a lack of full and fair consideration. *See* 173 F.4th at 152. Because the military courts gave the panel-unanimity issue full and fair consideration, we "cannot review" Brown's claim on the merits. *Id.* at 147 (internal quotation marks omitted).

Second, the military courts also fully and fairly considered Brown's claim that the military judge erred in instructing the panel on uncharged theories of liability. Brown challenges two instructions: the military judge's "bodily harm instruction," Opening Br. 16, and the military judge's "asleep and unconscious instruction," *id.* at 19. The military courts heard Brown out on his arguments about both. As an initial matter, the AFCCA's opinion makes clear that these issues were "'explored' or at least 'available for exploration at the trial.'" *Dorrbecker*, 173 F.4th at 151 (quoting *Burns*, 346 U.S. at 145); *see Brown*, 2021 3626397, at *9–12. Next, Brown raised his challenges to both instructions before the AFCCA, and that court rejected the challenges after a fulsome discussion on the merits. *Brown*, 2021 WL 3626397, at *9–12. Finally, Brown again raised his challenges before the CAAF, which summarily denied his petition for review. That is full and fair consideration. *See Dorrbecker*, 173 F.4th at 150–152. Therefore, we cannot review this claim either. *See id.* at 147.

---

[3] Indeed, the AFCCA's summary rejection of this argument is unsurprising given that the Supreme Court's decision in *Ramos*—on which Brown based his argument—nowhere mentioned the military justice system. *See generally Ramos v. Louisiana*, 140 S. Ct. 1390 (2020).

Lastly, the military courts fully and fairly considered Brown's argument that not allowing him to "introduce certain evidence of other sexual behavior by [the victim] pursuant to Mil. R. Evid. 412," was error. *Brown*, 2021 WL 3626397, at \*19. As the AFCCA's opinion makes clear, Brown litigated this issue extensively before the military judge presiding over the court-martial. *See id.* at \*19–20. Next, Brown raised this argument before the AFCCA, and that court rejected it in a fulsome discussion. *See id.* at \*19–21. And finally, Brown nowhere claims that he did not raise this issue before the CAAF in his petition for review.[4] Overall, the record shows that the military courts fully and fairly considered this issue. For that reason, we cannot review it on the merits. *Dorrbecker*, 173 F.4th at 147.

In sum, none of the issues Brown presents are jurisdictional, and the military courts fully and fairly considered them all. We therefore "cannot review" Brown's challenges, and the district court's judgment is affirmed. *Id.* (internal quotation marks omitted). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[4] Brown filed part of his petition for review to the CAAF under seal.

7